Case 3:25-cv-00025   Document 16   Filed on 05/07/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
May 07, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| PROFIT AND HOLDING, LLC, § § | |
| Plaintiff. § § | |
| V. § | CIVIL ACTION NO. 3:25-cv-00025 |
| § | |
| LOZANO LIQUIDATION § | |
| ENTERPRISE, LLC, *et al.*, § § | |
| Defendants. § | |

## ORDER AND MEMORANDUM AND RECOMMENDATION

Defendants Lozano Liquidation Enterprise, LLC and Joel Lozano have filed a document titled "Defendants Special Appearance, Plea In Abatement, Motion To Dismiss, Plea To The Jurisdiction, Special Exceptions, and Answer to Plaintiff's Complaint and Demand for Jury Trial." Dkt. 7. In that pleading, Defendants make three distinct arguments. First, Defendants assert that this court lacks subject matter jurisdiction because, although the parties are completely diverse, the amount in controversy does not exceed $75,000, exclusive of interest and costs. Second, Defendants argue that Plaintiff has failed to plead with enough particularity or specificity to provide Defendants adequate notice of its claims. Third, Defendants maintain that this case should be abated for 60 days because Plaintiff has failed to provide pre-suit notice as required by § 17.505(a) of the Texas Business and Commerce Code. I will examine each argument separately.

## SUBJECT MATTER JURISDICTION

Federal courts possess subject matter jurisdiction only where a question of federal law is involved or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. Defendants argue that that the amount in controversy, as set forth on the face of the First Amended Complaint, does not exceed $75,000. This argument is easily dismissed.

According to the First Amended Complaint, Plaintiff entered into an agreement with Defendants to purchase 10,800 units of Dymatize Super Mass Gainer Protein Powder. Plaintiff allegedly paid Defendants a total of $45,950, but Defendants never delivered the product. Plaintiff brings causes of action for breach of contract, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA").

I need focus only on the DTPA claim to determine that the $75,000 threshold for diversity jurisdiction has been met. Plaintiff seeks to recover the $45,950 it paid Defendants, as well as "recovery of attorney fees, [and] recovery of statutory damages (multiple damages)." Dkt. 6 at 9. Combined, these alleged damages easily exceed the $75,000 floor necessary for diversity jurisdiction.

The DTPA allows a prevailing plaintiff to obtain treble damages upon a finding that a defendant acted knowingly or intentionally. *See* Tex. Bus. & Com. Code § 17.50(b)(1). A treble damage award in this case would boost Plaintiff's recovery to $137,850. "Because an award of treble damages under the DTPA is considered part of the amount in controversy, the $75,000 threshold is unquestionably satisfied." *Kraemer v. RCLoft, LLC*, No. 3:22-cv-00157, 2022 WL 4588413, at *3 (S.D. Tex. Sept. 29, 2022); *see also Knowles Pub. v. Am. Motorists Ins. Co.*, No. 00-10561, 2001 WL 86914, at *3 (5th Cir. Jan. 25, 2001) (finding the fact that plaintiff's "petition sought treble damages under the DTPA" to "indicated more likely than not that the $75,000 jurisdictional minimum was satisfied"); *Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 1:15-cv-474, 2016 WL 8931300, at * 4 (E.D. Tex. Apr. 8, 2016) ("Exemplary damages allowed by state statute are also encompassed in the amount in controversy."). And that is not even considering that a plaintiff who prevails in a DTPA action must be awarded reasonable and necessary attorneys' fees—amounts that are included in determining the amount in controversy. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."). Long

story short, the jurisdictional threshold is easily satisfied on the face of the First Amended Complaint. I recommend that Defendants' jurisdictional challenge be denied.

## ADEQUACY OF PLEADINGS

Defendants next challenge the sufficiency of the First Amended Complaint's allegations. In doing so, Defendants aver that they are filing special exceptions. Special exceptions do not exist under the Federal Rules of Civil Procedure; they are a procedural tool available in Texas state court to compel the opposing party to clarify or amend their pleadings to be more specific or legally sound. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) ("An opposing party should use special exceptions to identify defects in a pleading so that they may be cured, if possible, by amendment."). Because special exceptions are the functional equivalent of a Rule 12(e) motion for more definite statement, I will consider Defendants' pleading challenge as such.

Rule 12(e) entitles a party to a more a definite statement when a portion of a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (A Rule 12(e) motion is appropriate where "a pleading fails to specify the allegations in a manner that provides sufficient notice."). "[W]here matters can be clarified and developed during discovery rather than the existence of a complaint that impedes the defendant's ability to form a responsive pleading, such a motion should not be granted." *Ross v. Texas*, No. H-10-2008, 2011 WL 5978029, at *7 (S.D. Tex. Nov. 29, 2011). Whether to grant a Rule 12(e) motion for a more definite statement is within the district court's sound discretion. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

Defendants raise a host of complaints about Plaintiff's operative pleading. To start, Defendants complain that Plaintiff fails "to plead an amount that satisfies the jurisdictional limits of this Court"; "to plead and/or provide adequate notice and/or affidavit and/or verification supporting presentation or receipt of any

3

alleged 'Urgent Demand Letter'"; and "to plead and specify with particularity the amount of attorney's fees" sought. Dkt. 7 at 2–3. These criticisms are either misplaced, or do not rise to a level that would prevent Defendants from reasonably responding.

Focusing on the fraud and DTPA claims, Defendants complain that Plaintiff "fail[s] to plead fraud with particularity or specificity to provide Defendants adequate notice of claims." *Id.* at 3. Defendants have a point. Fraud allegations— whether brought independently or as part of a DTPA claim—bear a heightened pleading standard: a party must state with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). This means that the party alleging fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (Rule 9(b) requires that a complaint detail "the who, what, when, and where before access to the discovery process is granted." (cleaned up)).

The crux of the First Amended Complaint is that Defendants committed fraud, but the details are sparse. Notably absent from the First Amended Complaint are "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (quotation omitted). Even so, these pleading deficiencies do not support granting a Rule 12(e) motion. As Judge Andrew Hanen recently observed:

> Defendant[s'] claim is essentially that Plaintiff failed to adequately plead the claims. While that could be accurate as a matter of law, "adequately plead" is not the standard for a Rule 12(e) motion. The Rule 12(e) standard is "unintelligible" to the extent that a defendant "cannot reasonably prepare a response." FED. R. CIV. PRO. 12(e). Defendant[s'] contentions about the insufficiency of the pleadings are precisely the sort of reasonably prepared responses that Rule 12(e)

4

> exists to ensure are possible. Since Defendant[s are] readily able to point out specific deficiencies based on the subject matter of Plaintiff's counts [for fraud and DTPA violations], [they] cannot persuasively argue that the counts are so unintelligible that Defendant[s] cannot respond.

*Cleveland State Bank v. JPMorgan Chase Bank*, No. 4:24-cv-1600, 2025 WL 296144, at *3 (S.D. Tex. Jan. 24, 2025).

Although I find the allegations in Plaintiff's First Amended Complaint sufficient to survive a Rule 12(e) motion, I am not suggesting that those same allegations are sufficient to survive a Rule 12(b)(6) or Rule 12(c) motion. As such, Plaintiff may wish to supplement or replead its fraud and DTPA claims against Defendants. I thus recommend that Plaintiff be given 10 days after the date this Memorandum and Recommendation is adopted to file a Second Amended Complaint with more detailed factual allegations, as required by Rule 9(b).

## PLEA IN ABATEMENT

Finally, Defendants insist that this matter should be abated because Plaintiff has failed to provide notice as required by the DTPA.

Section 17.505 of the DTPA requires, "[a]s a prerequisite to filing a suit seeking damages" under the statute, that

> a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

Tex. Bus. & Com. Code § 17.505(a). "The purpose of the notice requirement is to discourage litigation and encourage settlements of consumer complaints." *Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985). "[I]f a plaintiff files an action for damages under the DTPA without first giving the required notice, and a defendant timely requests an abatement, the trial court *must* abate the proceedings for 60 days." *Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (quoting *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)).

Attached to Plaintiff's First Amended Complaint are two demand letters: one dated October 11, 2024, and the other dated December 6, 2024. *See* Dkt. 6-1; Dkt. 6-2. These two letters undoubtedly satisfy § 17.505(a) and effectuate the purpose of the DTPA's notice provision. The letters set forth "in reasonable detail" the "specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any." Tex. Bus. & Com. Code § 17.505(a). Accordingly, Plaintiff has provided proper pre-suit notice as required under § 17.505(a). Defendants' request for an abatement is denied.[1]

## CONCLUSION

For the reasons explained, I recommend that Defendants' request to dismiss this case for lack of subject matter jurisdiction and inadequacy of pleadings under Rule 12(e) be denied. I also deny Defendants' plea in abatement.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 7 day of May 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] A motion to abate is non-dispositive in nature because it does not terminate a plaintiff's claims; it merely suspends the proceedings for a period of time. As a result, a magistrate judge can decide a motion to abate by issuing an order as opposed to a memorandum and recommendation. *See Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990, 2017 WL 5889715, at *1 (N.D. Tex. Nov. 29, 2017) (collecting cases discussing the nondispositive nature of a stay or abatement).